The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times v. Darwin-Ramos-David. Attorney Lazaro Barr, please introduce yourself for the record and proceed with your argument. Good morning judges. My name is Lidia Lizarriva. I am counsel for Mr. Darwin-Ramos-David and I am ready to proceed. Please proceed. Good morning again judges. In this case, a motion was filed with our court here requesting a mental evaluation of Darwin-Ramos and also that he be allowed to withdraw from his plea. At the court level here, the government never opposed any of those two motions filed on behalf of our client. The court initially ruled that it was a motion that was frivolous and later on an opinion and order denying relief. We understand the court views discretion denying relief for the following reasons. Under Rule 11, a defendant may withdraw a plea if he can present a fair and just reason to do so. Now, what factors here in this specific case justify what was asked of the court? First of all, Mr. Ramos always maintained innocence as to the events of the carjacking on January 3, 2017. Even when he sat down for proffers trying to reach an agreement, that event he maintained he was innocent. He did give the government statements as to other things he did and maintaining always as to those events, I was not the one who carjacked this lady. A plea was sought for him. However, it was at that time required that he plead guilty to events of that date, January 3. What do you mean when you say it was required that he plead guilty? Okay, the government would not give him a plea unless the carjacking of this lady was part of the accounts to which he had to plead guilty. Couldn't that be said of virtually any plea negotiation? The government won't agree unless the defendant agrees to something? It can't be done. I mean, agreements have to be on both sides. The government was adamant that he had to plead guilty to having carjacked this lady. As he maintained that he did not do so, the government gave us evidence that he had been identified. At that time, we filed a motion against that identification, a suppression motion that was ready to be seen. What happened then was that we requested time to be able to continue the plea negotiations because the defendant was trying to also cooperate with the government. So, between one and the other, time went by. Can I ask, you're not mentioning mental competency, so your primary argument is actual innocence? In the briefing, you emphasize a lot the competency issue. Yes, Your Honor. I never raised that issue in court here until the day he was going to be sentenced. He asked me to withdraw my plea and I was amazed to say, that is, I said, why? And then he told me that the day that he pled guilty, the day before, he was given a beating by inmates at MDC and he had learned that his mother had a stroke. In court, he was crying, he was nervous, and I was cautious with that. That's why I asked the court for time and then I filed a motion to see whether those facts had anything to do with what he was telling me. I want to, at this time, withdraw my plea. When you said he was crying, when are you referring to? Which proceeding? Sentencing, the first sentencing hearing. Okay, but when he entered his plea, he wasn't crying. Yes, George, true, he wasn't crying. I never raised an issue as to his mental issue. What are you arguing to us? What do you want us to, what is the basis for concluding that the plea should be, Okay, because a defendant has the burden of proving, George, that he should be allowed to withdraw his plea. If the issue was a mental issue, I should have been allowed to hire an expert. Isn't the issue whether the predicate for that contention is strong enough in the record to show that the district court erred in not giving you the relief you're seeking? It might be, yes, it might be, but also if I have a burden, George, to show that something happened to him that changed his mind, and he at this time later in the game wanted to withdraw, I should have been able to do so. So is the thing that you're objecting to the failure to give you the time to figure it out, or is it, and that's why it was errored? The expert. What? Excuse me? The expert, your honor. Okay, and now, I should have been given authorization. Is there anything in the record to show, if you had that time, what it would have demonstrated? No, George, because I did not have an expert to do so. I am not an expert in mental conditions, therefore, I'm sorry. But there's no affidavit or anything that you do in developing a record to show prejudice? What's our rule for when you make a claim, I need more time to investigate something? Usually we say that you got to show you were prejudiced if you didn't get the time. We don't just presume prejudice, so how would we know you were prejudiced here? Well, your honor, here I could not prove to the court that those facts that he told me had any type of bearing in the fact that he pled guilty. The day he pled guilty, he wasn't there to plead guilty. He was there to see a motion, a suppression issue, and that day turned into a change of plea motion. That was the day after what he says. He received a beating from the inmates, and he learned of his mother's stroke. So, we did not go to court to plead guilty. We went to court for a suppression motion. So, this is really... I'm just trying to parse it. If mental competency generally means you don't understand the nature of the proceedings or you can't assist your counsel. So, there's nothing in the record that shows that that was the case at this point. Is that right? So, the real issue is actual innocence, and he felt pressured into... Is that the heart of what you're going after today? Yes, sir. Yes, sir. Can I ask you something? I thought... Are you just saying for purposes of a plea, he just... What is our standard for when you withdraw a plea? I forget. I didn't have to actually show he was incompetent. He just had to show that when he moved to withdraw the plea, he had some good enough reason to do so. A fair and just reason. A fair and just reason. Okay. And so, you're saying the fair and just reason is that he's now telling the judge, when I entered the plea, it wasn't a considered decision because I felt so pressured and out of sorts. Not that I'm incompetent, but just that I was in no sense really making a reasonable judgment, and now I want to take it back. Okay. The word... Yes, Judge. And do we have authority that would suggest that that's enough of a showing to be able to take it back, notwithstanding all the indicia of it being a considered judgment? Authority? I don't have any, Your Honor. And if everything you say is true, he knew it at the acceptance of plea hearing, he knew it the day after, he knew it every day leading up to the sentencing? Correct. Your Honor, I would also like to state that as to the other counts that he pled, he hasn't raised an issue. The issue to him was always throughout time, the carjacking of this lady on January 3rd. He never, ever admitted to anyone, except by the change of plea, that he did it. The other crimes that he did, he sat with the government and he gave them statements as to those. Thank you. Do either of my colleagues have any more questions? I think our time is up. Is that correct, Dan? That's right, Judge. Thank you. Thank you, Attorney Lazarbar. If you could mute your audio and your video at this time. If you could also mute that, very good. Thank you. And Attorney Elum, if you could just introduce yourself on the record for the judges. Sure, ma'am. Pleased to court, Alex Elum on behalf of the United States. I'd like to first address three points that Ms. Lisa Rivad raised, which I would respectfully submit are inaccurate. First, the government did oppose the defendant's request to withdraw his guilty plea, and then it did not do so in writing. Then again, the defendant never filed a written motion to withdraw his guilty plea. As to the second point that he always maintained his innocence as to the January 3rd carjacking, it's not exactly right because not only did he admit that those facts on the date of his change of plea, but he also admitted them a month and a half later when he accepted responsibility before the probation officer in preparation for the of his guilt on that. The evidence of his guilt on that, Your Honor, was the victim identified him in a photo lineup. The government met with the defendant, the prosecutor, along with agents, met with the defendant for several proffer sessions. The defendant, during those proffer sessions, the defendant denied having participated in that and in good faith, the government again met with the victim, asked the victim how confident she was. She claimed that she was confident. The defendant, during those proffer sessions, mentioned that people confuse him and his brother all the time and tried to lay the blame on his What the government did was it asked the agents to perform a photographic lineup with the victim, putting the brother's picture in the lineup rather than the defendant's in a lineup photo ID. That photo ID was negative. That buttressed the government's position that the defendant was, in fact, the one responsible for that carjacking. As to the third point that I would like to clarify, at the first sentencing hearing, the defendant was not crying. Now, I have no reason to doubt Ms. Lisa Riva's representation to the court that perhaps he was crying when he met in private with her. Obviously, the government would not be privy to that. During that hearing, he articulated to the judge why he wanted to withdraw his guilty plea. He claimed to have been studying the law. He made some arguments that, while not persuasive, belied his claim of incompetence, as Judge Bezosa wrote in his opinion, denying the further questions, the government is prepared to rest on its grief. Does the record support the finding that he pled? When did the beating that he claims occurred prior to the plea occur? It's unclear. Some of the submissions suggest that it may have happened after. Others suggest that it happened before. What the government can represent to the court is that there was no indication whatsoever, at that change of plea hearing, that the defendant had suffered any physical injury. The record does not support that the defendant had any bruises, any physical signs of injury. The defendant disclaimed having been under coercion or under threats. When the magistrate... When does he first inform the court that he wants to change the plea because of the beating? How long after that plea attempt? It was months later, Judge. It was the change of plea was on May 13th, 2019, and it was on September 10th, 2019 that he raised that issue. And how do you... Just help me understand what finding we're reviewing by the district court. Is it the finding that the beating didn't happen? Is it the finding that even if he says it did happen, it didn't have any effect on his plea? What is it that we're reviewing? What judgment are we reviewing? What decision by the district court? I think that the issue on appeal is whether the district judge... Or one of the issues on appeal is whether the district judge abused his discretion in deciding that there was no reasonable cause to believe that the defendant was incompetent and whether the... Is that the test of... Is it the testing competence or is the test just that at the time he made the decision he was pressured? Are those the same thing or are those different? Well, I think it's a different standard for... If your honor is making reference to the standard to withdraw a guilty plea, yes, that standard is different and the standard... Four minutes remaining, four minutes. That's a fair and just reason, right? A fair and just reason and under this court... So I guess what I'm just saying is feeling pressured because of... Or out of sorts because I just was beaten, is that a potentially fair and just reason even though it wouldn't necessarily show incompetence? I would submit not, your honor. Not under this court's case law, not under the Kenny case, which is cited in our brief and not under the case law that Judge Bessosa made reference to in his opinion. Among other things, the defendant has to show that the plea was not knowing until voluntary. He should make a claim of actual innocence and this court has held that the more time that lapses between the date the defendant pleads guilty and the date that he first requests to withdraw his guilty plea, that that weighs heavily against the defendant. Do you agree that both of those questions, competency and the motion to withdraw for just reasons are reviewed on an abuse of discretion standard? Yes, your honor. If the court has no further questions, the government would rest on its brief and ask that the judgment below be affirmed. Thank you, Mr. Alam. Thank you. That concludes argument in this case. Attorney Lazarabar and attorney Alam, you should disconnect from the hearing at this time.